UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DANIEL EBERWEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID S. LIVINGSTON, et al.,<br><br>Defendants. | Case No. 13-cv-02480-WHO<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND REQUIRING COMPLETED APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** |

On May 31, 2013, plaintiffs filed a complaint and an application to proceed *in forma pauperis* in this Court. On June 18, 2013, Judge Corley denied without prejudice the IFP application because plaintiffs had not answered the required questions on the Court's IFP Application Form to demonstrate their inability to pay the filing fee. Docket No. 5. Judge Corley ordered plaintiffs to file a complete IFP application or pay the filing fee on or before July 2, 2013. Judge Corley warned plaintiffs that failure to follow her order could result in dismissal of the case.

The case was reassigned to this Court on July 10, 2013. As of the date of this Order, plaintiffs have not filed a complete IFP application and have not paid the filing fee. For the reasons stated below: the Court DISMISSES plaintiffs' complaint without prejudice; requires plaintiffs to submit an amended complaint curing the problems identified below; and requires plaintiffs to submit either a completed application to proceed IFP or pay the filing fee in full.

As an initial matter, despite Judge Corley's Order, plaintiffs' application to proceed IFP remains incomplete and insufficient. The Court ORDERS plaintiffs to submit a complete IFP application -- answering each question asked -- or pay the filing fee in full by **July 31, 2013**.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must review complaints filed *in forma pauperis* to determine whether they are frivolous or fail to state a claim upon which relief can be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). If the complaint is frivolous or fails to state a claim, the statute requires the Court to dismiss the case. 28 U.S.C. § 1915(e)(2). For the reasons stated below, the Court also finds that plaintiffs' complaint must be dismissed with leave to amend.

Plaintiffs' complaint is styled as an "employment discrimination" case and plaintiffs checked a box indicating that the acts complained of concern termination of employment. However, "the basic facts surrounding" the claim of discrimination as handwritten by plaintiffs are:

> Alan Jaroslovsky screamed at my tenant, Robert Maynard Miller, myself, Robert Daniel Eberwein and banned and closed our cases.

The facts alleged have nothing to do with terminating employment.

Instead, plaintiffs complain about actions taken by defendant Alan Jaroslovsky, a United States Bankruptcy Judge in the Northern District of California, in plaintiffs' "cases." Judge Jaroslovsky is entitled to judicial immunity and cannot be sued over judicial acts taken in bankruptcy cases. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987) (concluding "the bankruptcy judges had absolute judicial immunity" for judicial acts); *see also Curry v. Castillo (in Re Castillo)*, 297 F.3d 940 (9th Cir. 2002) (recognizing that bankruptcy judicial officers are entitled to quasi-judicial immunity for "functions essential to the authoritative adjudication of private rights to the bankruptcy estate." ). Accordingly, the allegations against Judge Jaroslovsky in plaintiffs' complaint appear to be barred by judicial immunity.

Further, plaintiffs' complaint fails to state a claim against the other eight defendants as it does not allege any violation of federal or state law and fails to state a factual basis for claims against any of them.[1] There are no facts in the complaint explaining what each of the other eight defendants did that gave rise to this lawsuit.

Finally, on June 7, 2013, plaintiffs filed a notice of related cases, which attaches multiple documents from other court cases that appear to involve the parties. These cases are in various

---

[1] In addition to Judge Jaroslovsky, plaintiffs sue Contra Costa Sherriff David O. Livingston, Javier Sanchez, Edward Jellen, Elaine Hammond, Sean H. Lane, August B. Landis, "Martinez Police" and "Walnut Creek Police." The Court notes that Elaine Hammond is and Edward Jellen was a United States Bankruptcy Judge in the Northern District of California.

courts: the United States Bankruptcy Court for the Eastern District of California, the United States Bankruptcy Court for the Northern District of California, and the Superior Courts of Alameda, Contra Costa and San Francisco Counties. It is unclear how any of these documents relate to the instant case.

If plaintiffs wish to proceed in federal court, they must file an amended complaint that claims a violation of a federal law or otherwise shows that jurisdiction in this Court is proper. Plaintiffs must also describe with specific facts the actions that each defendant took that caused them harm.

Plaintiffs must file an amended complaint on or before **July 31, 2013**.

If plaintiffs fail to file an amended complaint by **July 31, 2013**, or if plaintiffs fail to file a complete IFP application or pay the filing fee in full by **July 31, 2013**, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: July 11, 2013

_____
WILLIAM H. ORRICK
United States District Judge

3