UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DANIEL EBERWEIN, et al., <br>     Plaintiffs, <br> v. <br> DAVID S. LIVINGSTON, et al., <br>     Defendants. | Case No.  13-cv-02480-WHO <br><br> **CASE MANAGEMENT CONFERENCE ORDER** |

Pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable William H. Orrick on **September 10, 2013**, at 2:00 p.m. in Courtroom No. 2, 17th floor, 450 Golden Gate Avenue, San Francisco, California.

**1.  Case Management Conference Requirements**

    a.  Plaintiffs shall serve copies of this Order at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5. Following service, plaintiffs shall file a certificate of service with the Clerk of this Court.

    b.  Counsel are directed to confer in advance of the Case Management Conference. Not less than seven days before the conference, counsel shall file a joint case management statement in compliance with the Civil Local Rules and the Standing Order for All Judges of the Northern District of California. Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds

for such failure. Failure to show good cause for such failure may subject the parties to sanctions.

    c. Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

    d. Any request to reschedule the above date should be made in writing, and by stipulation, if possible, not less than ten days before the conference date. Good cause must be shown.

    e. At the Case Management Conference the parties should be prepared to address and resolve the following: setting the date and the estimated length of the trial; setting the date for discovery cutoff; setting the date to designate experts and other witnesses; and setting the date for the pretrial conference.

**2.**     **Notice to Unrepresented (Pro Se) Parties in Non-Prisoner Cases**

    a. Parties representing themselves should visit the link titled "Representing Yourself" on the Court's homepage, www.cand.uscourts.gov. The link discusses the Court's "Legal Help Center" for unrepresented parties, run by the Court's Federal Pro Bono Project. The Legal Help Center can be reached at 415-782-9000 ext. 8657 and is located on the 15th Floor, Room 2796, of the courthouse at 450 Golden Gate Avenue in San Francisco.

    b. If you are representing yourself and you have not been granted leave to proceed *in forma pauperis* (IFP) by the Court, you must comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure, as set forth below. Failure to follow the procedures may result, under Rule 4(m), in dismissal of your case:

        (i) It is your responsibility to obtain a valid summons from the clerk and to effect service of the summons and complaint on all defendants in accordance with

2

Rule 4 of the Federal Rules of Civil Procedure. If you have named the United States government, a federal agency, a federal official or a federal employee as a defendant, you must comply with the special requirements of Rule 4(i).

(ii) Service may be effected by any person who is not a party and who is at least 18 years of age, which means that you, as a party, may not effect service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, your action will, under Rule 4(m), be dismissed as to that defendant.

(iii) Within 125 days after the filing of the complaint, you must file proof of service indicating which defendants were served within the 120 days allowed under Rule 4(m) and showing, in accordance with Rule 4(i), how each of those defendants was served (for example, by attaching appropriate certificates of service). You must also show cause why a defendant not served within the 120 days allowed under Rule 4(m) should not be dismissed without prejudice.

(iv) Failure to do these things within the designated time will result in the dismissal of your case under Rule 4(m) and Rule 41(b).

**IT IS SO ORDERED.**

Dated: July 15, 2013



WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D EBERWEIN et al, | Case Number: CV13-02480 WHO |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| DAVID S LIVINGSTON et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 11, 2013, I SERVED true and correct copies of the attached, by placing said copies in a postage paid envelope addressed to the persons hereinafter listed, by depositing said envelopes in the U.S. Mail.

Fedelina Roybal-de-Aguero
541 Banyan Circle
Walnut Creek, CA 94598

Robert Daniel Eberwein
541 Banyan Circle
Walnut Creek, CA 94598

Dated: July 15, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk